UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
Marshall Wexler                          Civ. 2:19-cv-01779-DRH-AKT
              Plaintiff,

        vs.                                  AMENDED COMPLAINT

Reliant Capital Solutions, LLC; and
Trans Union, LLC;
              Defendants.
-----------------------------------------------------X

Plaintiff amends his complaint alleges upon information and belief as follows:

## INTRODUCTION AND BACKGROUND FACTUAL INFORMATION

1. Plaintiff, Marshall Wexler, brings this lawsuit against Reliant Capital Solutions, LLC "(Reliant") for violations of the Fair Debt Collection Practices Act ("FDCPA") and against Reliant and Trans Union, LLC ("Trans Union") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

2. Plaintiff disputed through the Consumer Financial Protection Bureau portal the erroneous Reliant tradeline which was on his Trans Union credit report in or about December of 2018.

3. Trans Union notified Reliant of Plaintiff's dispute.

4. Reliant failed to conduct a reasonable investigation into Plaintiff's dispute.

5. Reliant failed to notify Trans Union that it should notate the account as disputed.

6. After the results of the investigation failed to show that the Reliant tradeline

was erroneous, Reliant did not notate that the account was disputed.

7. The Reliant tradeline arose due to accounting errors of crediting plaintiff's law school account when transactions should have caused a debit and debiting plaintiff's law school account when the transaction should have caused a credit.

8. As of the date of this lawsuit, the tradeline is no longer showing on Plaintiff's Trans Union credit report and Reliant has admitted it had made a mistake. a result of the false tradeline Plaintiff did not apply to rent certain apartments.

9. Plaintiff suffered emotional distress damages, including frustration, irritation and anxiety as a result of Defendants' conduct.

10.   Plaintiff also suffered a loss of time dealing with his erroneous credit report.

11.   In Safeco Ins. Co. of Am. v. Burr, 127 S. Ct. 2201 (2007), the Supreme Court of the United States of America held that willfulness as defined by the damages provision of the FCRA not only includes knowing violations of the FCRA, but also includes violations of the FCRA committed in reckless disregard of the company's statutory obligations.

## JURISDICTION AND VENUE

12.   This Court has jurisdiction under §15 USC 1681(p) (FCRA).

13. Venue in this District is proper because a substantial part of the events giving rise to this lawsuit occurred within this district.

## PARTIES

14. Defendant, "Reliant" is an Ohio limited liability corporation.

15. Reliant is a "furnisher of information" as defined by the FCRA.

16. Trans Union is a corporation in Chicago, Union is a "consumer reporting agency" as defined by the FCRA.

17. Plaintiff is a consumer as defined by the FCRA.

18. Plaintiff resides in Nassau County.

## **VIOLATIONS ALLEGED**

## **COUNT I – FCRA CLAIM AGAINST TRANS UNION**

19. Plaintiff incorporates all of the above paragraphs as though fully stated herein.

20. Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, Trans Union is required to conduct a reasonable investigation if a consumer such as plaintiff disputes the accuracy of an item on his credit report.

21. Section 1681i provides:

§1681i. Procedure in case of disputed accuracy

(a) Reinvestigations of disputed information.

(1) Reinvestigation required.

In general. If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by

the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.

(A) Extension of period to reinvestigate. Except as provided in subparagraph (C), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.

(B) Limitations on extension of period to reinvestigate. Subparagraph (B) shall not apply to any reinvestigation in which, during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.

(2) Prompt notice of dispute to furnisher of information.

(A) In general. Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include

all relevant information regarding the dispute that the agency has received from the consumer.

(B) Provision of other information from consumer. The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A). . . .

(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

(5) Treatment of inaccurate or unverifiable information.

(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. . . .

22. Trans Union willfully and negligently violated 1681i as they failed to conduct a reasonable investigation into Plaintiff's dispute.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against Trans Union for:

(1) Appropriate actual, punitive and statutory damages;

(2) Litigation expenses, attorney's fees and costs of suit;

(3) Such other or further relief as the Court deems proper.

## COUNT II and III – FCRA and FDCPA CLAIM AGAINST RELIANT

23. Plaintiff incorporates all of the above paragraphs as though fully stated herein.

24. Reliant violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by failing to reasonably investigate Plaintiff's dispute when Trans Union forwarded Plaintiff's dispute of his Reliant account.

25. Reliant continued to report the false tradeline when this was false as was evident from Reliant's own records.

26. Section 1681s-2(b) provides:

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

27. Reliant failed to carry out its duties under 1681s-2(b) by failing to conduct an investigation into plaintiff's dispute.

28. Reliant failed to carry out its duties under 1681s-2(b) by failing to review all relevant information in plaintiff's dispute forwarded by Trans Union.

29. Reliant failed to carry out its duties under 1681s-2(b) by failing to notate that the account was disputed.

30. Reliant failed to note that the account was disputed in violation of the FDCPA Section 1692e(8).

31. Reliant committed such violations willfully and negligently.

32. Plaintiff is entitled to actual, statutory and punitive damages pursuant to 15 U.S.C. §1681n and o.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against Reliant for:

(1) Appropriate actual, punitive and statutory damages;

(2) Litigation expenses, attorney's fees and costs of suit;

(3) Such other or further relief as the Court deems proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury on all issues so triable.

Dated this 30th day of April 2019.

Respectfully submitted,

By: /s/ Shimshon Wexler
The Law Offices of Shimshon Wexler, PC
216 W 104th St., #129
New York, NY 10025
 (212) 760-2400
swexleresq@gmail.com