*Shimshon Wexler*
*216 W 104th St., #129*
*NYC, NY 10025*
*Tel (212)760-2400*
*Fax (917)512-6132*
swexleresq@gmail.com

June 6, 2019
Via  CM/ECF
Hon. Judge Denis R. Hurley
100 Federal Plaza
Central Islip, New York 11722

**Re:** 2:19-cv-01779-DRH-AKT *Wexler v. Reliant Capital Solutions, LLC et al*

Dear Judge Hurley,

     This letter is in response to the May 29, 2019 letter of defendant Reliant Capital Solutions, LLC ("Reliant"). In its letter Reliant points out accurately that Plaintiff did not make the factual assertion that Reliant is a debt collector. However, Reliant inaccurately states that Plaintiff has failed to allege any facts supporting his allegation that defendant violated the FDCPA.

     In response to Reliant's letter, Plaintiff has prepared a second amended complaint which is attached to this letter. This second amended complaint only adds allegations concerning Reliant. And only adds paragraphs 3, 16 and 31. Trans Union consents to the filing of this second amended complaint. Because the second amended complaint only adds allegations concerning Reliant, Plaintiff has stipulated that Trans Union does not have to file a response to this second amended complaint. Reliant has stated that it will not oppose Plaintiff's request to file this amended complaint.

     In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the United States Supreme Court articulated the relevant standard for a court to determine whether to grant a party's request to amend his or her pleading under Federal Civil Rule 15(a). In particular, the *Foman* court stated: "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.' " 371 U.S. at 182.

The Second Circuit consistently applies *Foman* in favor of motions to amend. See, e.g., *Knife Rights, Inc. v. Vance*, 802 F.3d 377, 389 (2d Cir. 2015) (Rule 15(a)(2) "affords district courts considerable discretion to deny amendment when there has been 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.' ") (quoting *Foman*, 371 U.S. at 182); *Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 109 (2d Cir. 2014) ("The Federal Rules provide that courts 'should freely give leave [to amend] when justice so requires' " and "[i]n the absence of any apparent or declared reason ... such as undue delay, bad faith or dilatory motive on the part of the movant ... [or] undue prejudice to the opposing party by virtue of allowance of the amendment ... the leave sought should, as the rules require, be 'freely given.' ") (quoting *Foman*, 371 U.S. at 182).

Plaintiff filed his Complaint on March 28, 2019. Trans Union answered the Complaint on April 22, 2019. Also on April 22, 2019, Reliant sought and was granted an extension to answer the complaint by May 6, 2019. Judge Tomlinson issued a scheduling order on April 22, 2019 setting an initial conference for July 3, 2019. On May 1, 2019, Plaintiff amended his complaint as of right. On May 14, 2019 Reliant sought and was granted an extension to file an answer to the amended complaint by May 29, 2019. On May 15, 2019 Trans Union answered the amended complaint. On May 29, 2019 Reliant requested a pre-motion conference. Plaintiff's motion to amend the amended complaint should be granted.

Plaintiff has alleged in the complaint that Reliant violated Section 1692e(8) of the FDCPA (8) by "[c]ommunicating…. to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." See paragraph 30 of the amended complaint or paragraph 31 of the proposed second amended complaint.

Reliant also asks the Court to dismiss Plaintiff's FCRA claim because Plaintiff did not dispute the tradeline directly with Trans Union citing *Whelan v. Trans Union Credit Reporting Agency*, 862 F.Supp. 824, 833 (E.D.N.Y.1994) for the concept that in order for a consumer reporting agency's investigation duties to be triggered the dispute must come from the consumer. But *Whelan* was discussing a case where the dispute was made to the furnisher and not to the credit reporting agency. Here, the dispute was made by the consumer- plaintiff-, directly to the consumer reporting agency. Whether he used the phone, mail, fax, email or the CFPB portal does not change the fact that the dispute came directly from plaintiff to the consumer reporting agency. The dispute was in his own words and he made

the dispute without any assistance. The CFPB merely served as an entity that transferred Plaintiff's dispute directly from him to the consumer reporting agency.

    I thank the Court for its attention to this matter.

                                               Yours Truly,

                                               s/ Shimshon Wexler