| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | CIVIL CONFERENCE<br>MINUTE ORDER |

| | | | |
|---|---|---|---|
| BEFORE: | A. KATHLEEN TOMLINSON<br>U.S. MAGISTRATE JUDGE | DATE:<br>TIME: | 7-3-2019<br>11:05 a.m. (8 minutes) |

**Wexler v. Reliant Capital Solutions, LLC, et al.**
**CV 19-1779 (DRH) (AKT)**

| | |
|---|---|
| TYPE OF CONFERENCE: | **INITIAL CONFERENCE – BY PHONE** |

| | | |
|---|---|---|
| APPEARANCES: | Plaintiff | Shimshon Wexler |
| | Defendant | Arthur Sanders (Reliant Capital Solutions, LLC) |

FTR:   11:05-11:13

SCHEDULING:

      Counsel are directed to contact Chambers to set up a telephone conference within three days of Judge Hurley's decision on the anticipated motion to dismiss.

THE FOLLOWING RULINGS WERE MADE:

1. This is an action brought pursuant to the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. Defendant Reliant Capital Solutions is moving to dismiss the second amended complaint and Judge Hurley has set a briefing schedule for that motion.

2. The parties are directed to serve their respective Rule 26(a) Initial Disclosures by July 17, 2019.

3. Given the anticipated filing of the motion, the Court has limited discovery here solely to document requests. Counsel will serve their document requests by August 9, 2019. The responses to those requests must be served by September 23, 2019.

4. The parties do not believe that a Stipulation and Order of Confidentiality is needed at this time. If those circumstances change, counsel should contact Chambers promptly.

5. Any relevant electronically stored information ("ESI") to be produced in this case shall be produced in hard copy or .pdf format.

6. In accordance with Local Rule 37.3, the parties are obligated to meet and confer in good faith to resolve any outstanding discovery disputes. If the parties cannot resolve the dispute among themselves the parties should seek judicial intervention by filing an appropriate letter motion as expeditiously as possible. <u>Any motion seeking Court intervention in a discovery dispute must contain a certification that the parties have complied with Local Rule 37.3 and an explanation of how they have done so. Failure to comply with the certification requirement will result in the motion being returned to the moving party.</u> Counsel are hereby on notice that unless they advise the Court that they have had an actual conversation

       with each other in an attempt to resolve the discovery dispute at issue, the motion papers will be returned to them until such time as they can certify that they have had such a working conversation (**not** merely an exchange of e-mails or letters).

       If an attorney has objections to opposing counsel's response to a document demand or interrogatory and/or is seeking to compel responses to a specific document demand or interrogatory, counsel, after complying with Local Civil Rule 37.3, must also comply with Local Civil Rule 37.1 which directs how this information is to be presented to the Court. <u>Discovery motions brought under Rule 37.1 are exempt from the three-page limitation on discovery motions so that the movant can comply with Rule 37.1.</u>

7.     Under existing Second Circuit case law, any amendments or modifications to this Order must be approved in advance by the Court. Therefore, the parties are not free to grant each other extensions of any deadline set forth in these Orders. Nor is any party free to ignore a deadline and not bring that information to the attention of the Court in a timely manner. All requests for extensions or modifications of any deadlines stated in this Order must be made by letter motion to the Court in advance of the expiration of the deadline. The parties are directed to my Individual Practice Rules for further information.

                                        **SO ORDERED.**

                                        /s/ A. Kathleen Tomlinson
                                        A. KATHLEEN TOMLINSON
                                        U.S. Magistrate Judge